UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KAMARIO SMITH,<br><br>                    Plaintiff,<br>vs.<br><br>JAMES DZURENDA, et al.,<br><br>                    Defendants. | Case No. 2:18-cv-01692-APG-VCF<br><br>**ORDER**<br><br>MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No 57); MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS (ECF No. 70): FIRST MOTION TO EXTEND TIME (ECF No. 72) |

Plaintiff seeks leave to file a first amended complaint and to stay summary judgment proceedings. ECF Nos. 57 and 70. The defendants ask to extend time to respond to plaintiff's motion to stay summary judgment proceedings. ECF No. 72. I grant plaintiff's motions in part. ECF Nos. 57 and 70.  I read and considered defendants' late filed response to plaintiff's motion to stay summary judgment proceedings. ECF No. 74.  I grant the defendants' motion. ECF No. 72.

**I.     Background**

On October 10, 2019, Judge Gordon screened then pro se and incarcerated plaintiff Kamario Smith's complaint. ECF No. 3. Judge Gordon ordered that, "Smith's claim alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment will proceed against defendants Williams, Jane Doe who told Smith to file a kite in October 2017, and John or Jane Doe(s) who responded to Smith's medical kites in November and December of 2017 (when Smith learns their

identities). *Id*. at 8. On or around November 25, 2019, Smith passed away. ECF No. 7. Judge Gordon then granted Linda Smith's (Kamario Smith's mother) pro se motion to substitute as his representative. ECF No. 14 at 2. On June 19, 2020, attorney Travis Barrick filed a notice of appearance on behalf of Linda Smith.

On April 9, 2021, I granted the parties' stipulation to enlarge the deadline to amend pleadings and add parties until May 9, 2021. ECF No. 37. On May 5, 2021, Linda Smith filed a first amended complaint, but attorney Barrick did not attach a motion for leave to amend. ECF No. 41. Prior to the close of discovery and prior to the defendants' filing of its motion for summary judgment, attorney Barrick filed the instant motion for leave to file the first amended complaint. ECF No. 57.

Linda Smith, through counsel, argues in her motion for leave that attorney Barrick made an error when he neglected to file a motion for leave to amend along with the first amended complaint that he filed on May 5, 2021. *Id*. at 3. Smith argues that during discovery he discovered new facts that prompted new claims and added new defendants. *Id*. Smith argues that he filed the amended complaint prior to the deadline for amendments despite his error of not attaching it to a motion for leave. *Id*.

The defendants argue in their response that the motion for leave to amend is untimely as 3 months has passed since the deadline to move to amend. ECF No. 62 at 4. Defendants also argue that they verbally notified the plaintiff's counsel of his error after a hearing. *Id*.  Defendants also argues that they will be prejudiced because they now have a dispositive motion pending. *Id*. at 6. Defendants also argue that this late motion "may be understandable for a pro se litigant, it is certainly not acceptable for a seasoned attorney." *Id*. Defendants also argue that if plaintiff is allowed to amend, that the Court should screen the complaint. *Id*.

Plaintiff argues that when she filed the amended complaint, defendants did not oppose or move to strike the pleading. ECF No. 69 at 3. Plaintiff, through counsel, also notes that he filed the instant

motion a few days after defendant's counsel notified him of his error after the hearing. *Id.* Plaintiff also argues that despite his error, defendants were on notice of the first amended complaint and knew about his error long before filing the motion for summary judgment. *Id.* at 4.

## II.     Analysis

### a.  Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Excusable neglect is an equitable concept and is "remedial in nature and…must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (citation omitted). "[A]bsent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted." *Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 U.S. Dist. LEXIS 50541, at 10 (N.D. Cal. Apr. 10, 2014), quoting *Nat'l Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977).

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), citing to *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.

Ct. 1489, 123 L. Ed. 2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions). No one factor is dispositive. See, *e.g., Doe 150 v. Archdiocese of Portland in Oregon*, No. CV 08-691-PK, 2010 U.S. Dist. LEXIS 129877, 2010 WL 5071203, at 1 (D. Or. Dec. 7, 2010). The balancing of all four factors is "left to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). The Ninth Circuit has noted that the fact that a party will have to defend a claim on its merits is not "prejudice" for purposes of the excusable neglect standard. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1).")

    The Prison Litigation Reform Act, "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007) (emphasis added), citing to 28 U.S.C. § 1915A.

> Per 28 USCS § 1915A(a):
> Screening.— The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner
> seeks redress from a governmental entity or officer or employee of a governmental
> entity.

"The statute could not be clearer as to the timing of the mandatory screening. A court must screen 'before docketing, if feasible or, in any event, as soon as practicable after docketing.'" See *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 U.S. Dist. LEXIS 113850, at 5 (D. Nev. June 29, 2020), citing to 28 USCS § 1915A(a). "In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening."' *Id*, citing to *Jones*, 549 U.S. at 223.

"The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Caballero*, 2020 U.S. Dist. LEXIS 113850, at 6, see also *Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage"). The Court may screen a prisoner's later filed amended complaint on a "case-by-case basis." *Caballero*, 2020 U.S. Dist. LEXIS 113850, at 6, citing to *Mwanza v. Foster*, No. 3:14-cv-00331-MMD-WGC, 2015 U.S. Dist. LEXIS 118523, at 25 (D. Nev. Sep. 1, 2015)(Denying a motion for screening and "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage."); see also says that, 203 F.3d 1122, 1130 (9th Cir. 2000)(The PLRA, "allows a district court to dismiss, *sua sponte* and prior to service of process, a complaint that fails to state a claim, a power courts did not have prior to enactment of the PLRA.")

### b. Analysis

I find that the excusable neglect standard is satisfied here. The fact that the defendants will have to litigate this case on the merits is not prejudice. Since the parties stipulated to the amendment deadline, the defendants could not have been surprised that plaintiff intended to amend the complaint. The length of the delay and its impact on the proceedings weighs in the defendants' favor given that plaintiff's counsel did not catch his mistake right away and there is now a dispositive motion pending (that the defendants filed after the plaintiff moved to amend). The reason for the delay also weighs in defendants' favor since the delay is due to a mistake by plaintiff's counsel.

There is no bad faith here, however, as evidenced by the fact that plaintiff timely filed a first amended complaint per my order extending the amendment deadline, except that he did not attach it to a motion for leave to amend. Once counsel for plaintiff realized his error, he sought to correct it by filing the instant motion for leave to amend. Plaintiff has otherwise acted diligently in this case and there is no pattern here. I find that the plaintiff has acted in good faith. Weighing these factors, considering the lack

of prejudice and lack of bad faith, I find that plaintiff has established excusable neglect.

Plaintiff has not previously sought leave to amend the complaint. There is no undue delay since plaintiff filed the proposed amended complaint on May 5, 2021, prior to the May 9, 2021 deadline. I already found that plaintiff has established excusable neglect for filing the motion for leave to amend later. I also find that plaintiff seeks leave to amend in good faith because Mr. Smith filed the original complaint pro se before he passed away, and Ms. Smith seeks to amend the complaint to reflect what she learned in discovery. Defendants will not be prejudiced by litigating this case on the merits. The defendants did not argue that plaintiff's amended complaint is futile, but regardless any futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims against the new defendants are reasonably related to plaintiff's original claims. I find that the plaintiff has met the requirements for amendment pursuant to Rule 15. Since the first amended complaint is already on the docket and no one moved to strike it as a fugitive document, I order that the first amended complaint already on the docket (ECF No. 41) will be the operative complaint in this case.

Plaintiff's mother is the representative of Mr. Smith's estate and she is represented by counsel. This case is not in its early stages. When Judge Gordon granted her permission to substitute, he ordered her to either file the proper *in forma pauperis* application for a non-prisoner or pay the filing fee in full. ECF No. 14. Linda Smith paid the filing fee in full. ECF No. 18. On these facts, there is no basis to screen the complaint.

I reopen discovery on a limited basis only. Since the plaintiff was under the mistaken belief that the first amended complaint was the operative complaint prior to her late filed motion for leave to amend, I order that plaintiff can only take discovery regarding the newly added defendants. To cure any prejudice to the defendants, I order that the defendants may take discovery without this specific limitation. Since I am reopening discovery and extending the scheduling order, I grant plaintiff's motion to stay the summary judgment proceedings to the extent that briefing will be stayed per the new

discovery plan and scheduling order. Defendants can alternatively withdraw the summary judgment motion and refile it later.

ACCORDINGLY,

I ORDER that plaintiff's motion for leave to file a first amended complaint (ECF No. 57) is granted in part.

I FURTHER ORDER that the first amended complaint already on the docket (ECF No. 41) will be the operative complaint in this case.

I FURTHER ORDER that the plaintiff's motion to stay summary judgment proceedings (ECF No. 70) is GRANTED IN PART: briefing on the summary judgment motion (ECF No. 60) is STAYED until Wednesday, April 20, 2022.

I FURTHER ORDER that the defendants' motion for leave to file a late response (ECF No. 72) is GRANTED.

I FURTHER ORDER that the defendants have until Monday, October 11, 2021 to file a responsive pleading to plaintiff's first amended complaint (ECF No. 41).

I FURTHER ORDER that plaintiff must serve any new defendants or file a motion for an extension of time to serve the defendants by Monday, December 20, 2021. Plaintiff must file a notice with the Court within 20 days of service of the new defendants. New defendants will file a responsive pleading the amended complaint per the Federal Rules of Civil Procedure.

I FURTHER ORDER that discovery is reopened except that plaintiff's ability to take discovery is limited to discovery regarding the new defendants only.

I FURTHER ORDER that the following new discovery and scheduling order deadlines apply:

1. Expert disclosures: Wednesday, January 19, 2022
2. Rebuttal expert disclosures: February 18, 2022

3. Discovery cutoff date: Monday, March 21, 2022

4. Dispositive motions cutoff date: Wednesday, April 20, 2022

5. Motions *in Limine*: Per the parties' stipulation (ECF No. 29), motions *in Limine* may be filed at any time up to 30-days before trial.

6. Joint pretrial order due date: Friday, May 20, 2022. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 20th day of September 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE