**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KAMARIO SMITH,

    Plaintiff,

vs.

JAMES DZURENDA, *et al.*,

    Defendants.

2:18-cv-01692-APG-VCF

**ORDER**

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [ECF NO. 95]

Plaintiff, Linda Smith, Special Administrator of the Estate of deceased plaintiff, Kamario Smith, filed this motion for leave to amend the complaint. ECF No. 95. I grant the motion: plaintiff has seven days to file the amended complaint.

**I.**  **Background**

Kamario Smith filed his original pro se civil rights complaint under 42 U.S.C § 1983 alleging violations of his constitutional rights by various officials. ECF No. 4. The Court screened Mr. Smith's complaint and allowed him to proceed with his Eighth Amendment deliberate indifference claims against defendant Williams and Jane Doe. ECF No. 3. Mr. Smith then passed away in Nevada Department of Corrections custody. ECF No. 7. Linda Smith is the Special Administrator of the Estate. ECF No. 19. At a recent hearing, I ordered that plaintiff had until April 11, 2022, to file a motion for leave to file a second amended complaint. ECF No. 93. Plaintiff filed the instant motion for leave to amend on April 11, 2022. ECF No. 95.

Ms. Smith argues that discovery has revealed additional constitutional violations and the identities of new defendants. ECF No. 95 at 7. Defendants argue in the response that the proposed amendment is futile because the statute of limitations has passed, and plaintiff's proposed amended

1

claims (with the new defendants) does not relate back to plaintiff's original complaint. (ECF No. 98 at 7). Plaintiff argues in the reply that the original and proposed claim and new defendants share a common core of operative facts and thus relate back. (ECF No. 100 at 2).

## II.  Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

FRCP 15(c)(1) permits amendments to pleadings to add claims and parties that relate back to the date of the filing of the original complaint in many situations, including, "when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "[T]he applicable state statute of limitations for section 1983 claims is the limitations period for personal injury claims." *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), citing to *Wilson v. Garcia*, 471 U.S. 261, 279-80, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985) and *Owens v.*

*Okure*, 488 U.S. 235, 57 U.S.L.W. 4065, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989). The statute of limitations for a personal injury action in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e).

Ms. Smith's proposed amendment is not made in bad faith or for the purpose of undue delay because (1) she filed it by the amendment deadline set at the last hearing and (2) she diligently filed soon after she learned the new facts and identities of the new and doe officials in discovery. The defendants will not be prejudiced by the amendment because they can take discovery regarding the new claims, and plaintiff's new claims and allegations regarding the new defendants are closely related to the claims in the original complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims and the allegations against the new defendants are reasonably related to plaintiff's original claims. Ms. Smith has shown good cause to amend the complaint.

Accordingly,

IT IS ORDERED that Ms. Smith's motion for leave to amend its complaint (ECF No. 95) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Wednesday, May 11, 2022, to file the amended complaint.

DATED this 4th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE